# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
### Todd C. PADGETT
### Seaman Recruit, U.S. Coast Guard

## CGCMG 0107
## Docket No. 1060
## 22 April 1999

General Court-Martial convened by Commander, First Coast Guard District. Tried at the Office of the Commander, First Coast Guard District, Boston, Massachusetts, on 10 August 1995.

| | |
|---|---|
| Military Judge: | CAPT Lane I. McClelland, USCG |
| Trial Counsel: | LCDR Samual R. Watkins, USCG |
| Detailed Defense Counsel: | LT Patrick E. Kelly, JAGC, USNR |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Defense Counsel on Remand: | LT Sandra K. Selman, USCGR |
| Appellate Government Counsel: | LCDR Brian Binney, USCG |
| Appellate Government Counsel on Remand: | LT Benes Z. Aldana, USCGR |

## BEFORE
## PANEL FOUR
## BAUM, KANTOR, AND WESTON
### Appellate Military Judges

This Court first decided this case on 19 December 1996, setting aside an orders violation offense because the order was not deemed to be lawful, but affirming the remaining findings of guilty and sentence approved by the convening authority. The General Counsel of the Department of Transportation, who falls within the definition of Judge Advocate General for the Coast Guard under Article 1 (1), Uniform Code of Military Justice (UCMJ), ordered the case sent to the United States Court of Appeals for the Armed Forces pursuant to Article 67 (a) (2), UCMJ, for review of our decision as to the lawfulness of the order. The Court of Appeals for the Armed Forces disagreed with this Court and determined that the order in question was lawful. Thereupon, that Court set aside our decision and remanded the record for further review consistent with its opinion.[2]

Since return of the record, 60 days allotted to Appellant by Rule 15 of this Court s rules, for filing assignments of error, have expired without errors having been assigned. If a brief is not filed by Appellant within those 60 days, Rule 15 allows an additional 30 days for the filing of a brief on behalf of

the government. Good cause appearing to the Court to proceed with this case without waiting 30 days for such briefing, the Court hereby suspends that particular provision, pursuant to Rule 25, in order to complete our Article 66, UCMJ review of this case now.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,

//s//

Brian A. Johnson
Clerk of the Court